FILED

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

2010 SEP 17 P 4: 06

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY** | : | |
| Plaintiff | : | |
| v. | : | Case Number 1:10 CV 1043 AJT/JFA |
| **AFGHAN KABOB RESTAURANT** | : | |
| and | : | |
| **HASHMIR, INC.** | : | |
| Defendants | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nationwide Mutual Insurance Company ("Nationwide") states the following as its Complaint for Declaratory Judgment:

1. This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between the Plaintiff and the Defendants.

## JURISDICTION

2. This Court has original jurisdiction under 28 U.S.C. §1332. This is a civil action between citizens of different states. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## **PARTIES**

3. Plaintiff Nationwide is a corporation, organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio. Nationwide is a citizen of the State of Ohio and of no other state.

4. Defendant Hashmir, Inc.. ("Hashmir") is a Virginia Corporation with its principal place of business located in Springfield, Virginia (Fairfax County). Upon information and belief, Afghan Kabob Restaurant is a trade name for Hashmir, Inc., although there is no fictitious name certificate of record with the Virginia State Corporation Commission identifying Afghan Kabob Restaurant as a trade name for Hashmir. Upon information and belief, Afghan Kabob Restaurant is a restaurant operating at 6357 Rolling Road, Springfield, Virginia. The "owner" and president of Hashmir, Inc. and Afghan Kabob Restaurant is Hashem Abbasi.

5. Hashmir is the named insured on a contract of insurance issued by Nationwide, Policy Number ACP GLAO7122221007 (the Insurance Contract, which is attached and incorporated by reference as Exhibit 1). The Insurance Contract is a Commercial General Liability Coverage policy generally providing coverage for business liability for bodily injury, property damage and personal injury.

## **VENUE**

6. The venue of this action is based on 28 U.S.C. §1391(a). Jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district in which the Defendants reside, where the Defendants do and have done business, and/or in which a substantial part of the events or omissions giving rise to the claim occurred.

## **STATEMENT OF THE CASE**

7. On or about June 16, 2010, a Complaint was filed in the Circuit Court for Fairfax County, Virginia by Bianca I. Spielvogel ("Spielvogel") against Afghan Kabob Restaurant, styled *Bianca I. Spielvogel v. Afghan Kabob Restaurant*, Case No. CL 2010-8522 ("the Underlying Action"). A copy of this Complaint is attached hereto as Exhibit 2.

8. The Underlying Action alleges that on October 3, 2008 Spielvogel was a customer at the restaurant operated by Hashmir and insured by Nationwide. At that time and place, the Complaint alleges, an employee of Hashmir spilled hot tea on Spielvogel, seriously burning her. The Underlying Action seeks judgment as compensation for her injuries, medical expenses, lost wages, and other losses in the amount of $200,000.00, plus costs and interest.

9. Upon information and belief, on October 3, 2008 Hashem Abbasi was fully aware of the incident described in the Underlying Action, and knew that Spielvogel had been injured and had required medical treatment for her injuries.

10. Upon information and belief, Hashem Abbasi communicated with Spielvogel and/or her family members on several occasions following the incident.

11. Upon information and belief, Hashen Abbasi learned after the incident that Spielvogel was seeking reimbursement from Afghan Kabob Restaurant for her medical expenses.

12. Upon information and belief, the employee who allegedly spilled the hot tea on Speilvogel left his employment with Hashmir shortly after the incident.

13. On June 24, 2010, Hashem Abbasi, as the owner of Afghan Kabob Restaurant, was served with process for the Underlying Action.

14. On July 14, 2010, the day before a response to the Underlying Action was due to be filed in the Circuit Court for the County of Fairfax, Hashem Abbasi notified Nationwide that he had been served with the Complaint.

15. At no time prior to July 14, 2010 did Hashmir, Hashem Abbasi, or anyone acting on their behalf, in any manner notify Nationwide of the incident in which Spielvogel was injured.

16. The Insurance Contract provides in Section IV, Commercial General Liability Conditions, that Nationwide must be notified as soon as is practicable of an occurrence which may result in a claim. The Insurance Contract further provides that this notice should include, to the extent possible (1) how, when and where the occurrence or offense took place; (2) the names and addresses of any injured persons and witnesses; and (3) the nature and location of any injury or damage arising out of the occurrence or offense.

17. The Insurance Contract provides that the insured must cooperate with Nationwide in the investigation of the claim.

18. The Insurance Contract provides that the insured must immediately record the specifics of any claim.

19. The Insurance Contract provides that the insured must notify Nationwide as soon as practicable of any claim or suit.

20. The Defendants had actual knowledge from October 3, 2008 to July 14, 2010 that there was an occurrence at the restaurant which might result in a claim under the Insurance Contract.

21. The Defendants knew from June 24, 2010 to July 14, 2010 that they had been sued by Spielvogel for her injuries.

22. The Defendants violated the conditions of the Insurance Contract which required Defendants to give notice to Nationwide as soon as practicable after the occurrence at the restaurant, required Defendants to inform Nationwide of how, when and where the occurrence or offense took place, required Defendants to provide to Nationwide the names and addresses of any injured persons and witnesses, required Defendants to inform Nationwide of the nature and location of any injury or damage arising out of the occurrence or offense, required Defendants to cooperate with Nationwide in the investigation of the claim, required Defendants to immediately record the specifics of any claim, and required Defendants to notify Nationwide as soon as practicable of any claim or suit.

23. The Defendants otherwise failed to satisfy the terms and conditions of the Insurance Contract that is the subject of this action.

24. Nationwide seeks a binding adjudication of its obligations to provide liability insurance coverage and to defend the Defendants for the claims raised in the Underlying Action.

WHEREFORE, Nationwide seeks judgment against the Defendants, declaring

a) that Nationwide is not obligated to defend the Defendants in the Underlying Action;

b)  that Nationwide is not obligated to indemnify and/or pay any sums on behalf of the Defendants for any damages which such person or entity may be legally obligated to pay arising from the Underlying Action or the incidents described therein.

NATIONWIDE MUTUAL INSURANCE COMPANY

By: _____
     Counsel

_____
Wayne P. Cyron, Esquire (Va. Bar No. 12220)
James G. Smalley, Esq. (Va. Bar No. 20292)
Counsel for Nationwide Mutual Insurance Company
CYRON & MILLER, LLP
100 N. Pitt Street
Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
wcyron@cyronmiller.com
jsmalley@cyronmiller.com